MANN, Chief Judge
(concurring specially) .
On this direct appeal Jackson has not shown that his guilty plea was involuntary for the simple reason that he has never claimed that it was. The record is inadequate, in that it fails to show that Jackson knew of his right to counsel at trial. Here is the pertinent part of the ambiguous colloquy :
“THE COURT: Is [pleading guilty] what you want to do?
PAUL JACKSON: No, sir, but under the circumstances, I don’t have any choice, so I have to plead guilty.
THE COURT: I don’t understand that statement, so let’s go into it. You say under the circumstances you don’t have any choice?
PAUL JACKSON: Well, I can’t afford an attorney.
THE COURT: Why did you tell me that you could?
PAUL JACKSON: I thought at the time that I could.
THE COURT: You know I appointed the Public Defender for you?
PAUL JACKSON: Yes, sir.
THE COURT: Huh?
PAUL JACKSON: Yes, sir.
THE COURT: And then you hired your own lawyer?
PAUL JACKSON: Yes, sir.
THE COURT: I believe you gave him some bad checks and — .
PAUL JACKSON: No, sir, the man I was working for gave him the bad checks and he took the money out of my salary. He gave him his own bad checks.
MR. NELSON: Mr. Jackson, are you pleading here today because you feel that you are guilty?
PAUL JACKSON: Yes, sir.
THE COURT: You are telling the Court that you are pleading because you feel that you are guilty of this charge ?
PAUL JACKSON: Yes, sir.
THE COURT: I will permit the Defendant to withdraw his plea of not guilty and will receive his plea of guilty to the charge of buying, receiving and/or aiding in the concealment of stolen property as set forth in the information.”
Rule 3.850 CrPR, 33 F.S.A. is available for Jackson to use in seeking post-conviction relief if he should determine that his guilty plea was founded on an erroneous impression of his right to trial counsel. It is conceivable that he thought that the public defender, once discharged, on his own motion, was not thereafter available to him. His effort to engage private counsel having by then proved abortive, he may have thought that a guilty plea was his only choice.
Jackson should understand that by seeking a new trial he forfeits his right to the dismissal of the other charges against him. By repudiating the bargained plea, if he should seek to do so, he restores the State to a position in which it might prosecute the other charges. Then too, he may not be able to prove that he was ignorant of his right to counsel. The defender told the trial judge that he had fully advisd Jackson. Thus the appeal stands in a highly ambiguous posture and the affirmance on a record which would not support summary denial of a Rule 3.850 motion may seem anomalous, but it is not.
*392 In short, entering an adjudication of guilt on a guilty plea imperfectly substantiated is harmless error unless the record demonstrates that the defendant asserts its involuntariness.